UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JACOB & COMPANY WATCHES, INC.

                  Civil Action No.

    Plaintiff,

v.

M.M. DYNASTY JEWELRY, INC.,
ROBERT MATATOV and LEO DOE
    Defendants.
_____

# COMPLAINT

  Plaintiff, **Jacob & Company Watches, Inc.**, by its attorneys, as and for its complaint, allege upon information and belief:

## THE PARTIES

  1. Plaintiff **Jacob & Company Watches, Inc.** is a corporation organized and existing under the laws of the State of New York, with a principle place of business at 48 East 57th Street, New York, New York 10022 ("J & Co.").

  2. Upon information and belief, Defendant **M.M. Dynasty Jewelry, Inc.** is a newly formed New York Corporation; having an address and place of business at 43 West 47th Street, New York, NY 10036; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district.

  2 (b). Upon information and belief, Defendant **Robert Matatov** is an individual having an office and place of business at 43 West 47th Street, New York, NY 10036 and is a conscious, dominant and active force behind the wrongful acts of Defendant M.M. Dynasty Jewelry,

Inc. complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant M.M. Dynasty Jewelry, Inc. and for his own individual gain and benefit. **Robert Matatov** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

2(c)    Upon information and belief, Defendant **Leo Doe** is a male, individual with a last name unknown, having an office and place of business at 43 West 47th Street, New York, NY 10036 and is a conscious, dominant and active force behind the wrongful acts of Defendant M.M. Dynasty Jewelry, Inc. complained of herein; which wrongful acts he has engaged in for the gain and benefit of Defendant M.M. Dynasty Jewelry, Inc. and for his own individual gain and benefit. **Leo Doe** is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

M.M. Jewelry, Inc., Robert Matatov and Leo Doe are collectively referred to herein as "Defendants".

**JURISDICTION**

3.    The first and second claims herein arise under the Federal Trademark Act of 1946, 15 U.S.C. §1051 et seq.; the third claim herein arises under the federal anti-dilution law, Lanham Act §43(c) (15 U.S.C. §1125(c)) and, accordingly, subject matter jurisdiction for these claims is conferred on this Court by virtue of 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

4.    The fourth claim herein arises under the laws of unfair competition and the statutes of the State of New York and are claims joined with substantial and related claims under the Trademark Laws of the United States and, accordingly, subject matter jurisdiction for the fourth

claim is conferred on this Court by virtue of 28 U.S.C. §1338 (b) and the doctrine of pendent jurisdiction. The fifth claim for punitive damages is based upon Defendants' actions in knowingly, willfully, and intentionally selling altered watches.

     5.     Venue is founded on 28 U.S.C. §1391 (b) and §1391 (c).

**COMMON ALLEGATIONS**

     6. The principals of J & Co. have been designing artistic jewelry and watches made of precious metals and gems, such as gold, platinum and diamonds since at least as early as 1981, and have marketed their artistic works to the general public since that time.

     7. J & Co. under the creative direction and through the esteemed reputation of its principal, Jacob Arabo, has joined the ranks of the most prestigious and sought after high quality jewelry, watches and accessories within the United States and the world. Jacob Arabo, as the principal of J & Co., has also come to be affectionately known in the marketplace as "Jacob the Jeweler". Plaintiff's products, and/or its packaging, all bear the signature trademark **JACOB & Co.** or **J & Co.**

     8. J & Co. sells a wide variety of watches made of stainless steel, platinum and gold and most often adorned with precious stones, such as diamonds. J & Co pioneered the five-time zone watch, sample styles of which are depicted on the annexed *Exhibit A*.

     9. A staff of expert craftsmen, goldsmiths and other artisans manufacture and produce the products sold by J & Co. The level of expert workmanship exercised by these individuals is superior and conforms to the strict standards set by J & Co.

     10. J & Co's watches routinely sell for between $7,100 and $83,000 at retail.

Over the years, the products sold by J & Co. have generated retails sales in the tens of millions of dollars.

11. J & Co.'s watches are sold in only the most prestigious stores. In the United States, for example, J & Co.'s watches are sold in Bergdorf Goodman (in New York), and in Torneau (with stores in major cities nationwide). J & Co.'s watches are also sold in fine boutiques throughout the United States. In addition, J & Co.'s watches are sold in select stores in Europe, Asia and the Middle East.

12. Watches designed by J & Co. have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public. J & Co.'s celebrity clients now include names such as Elton John, Jennifer Lopez, Madonna, Michael Jordan, Mariah Carey, Sean "Puffy" Combs, Ozzy and Sharon Ozbourne and Beyonce Knowles.

13. Plaintiff, J & Co. is the owner of the trademark **JACOB & Co.** and has been granted trademark registrations from the United States Patent and Trademark Office for its name and logo in connection with clocks, wrist watches and jewelry. Plaintiff's U.S. Trademark registrations include: JACOB & CO. Reg. No. 2,701,274; and The Stylized J & CO logo & JACOB & CO, Reg No. 2,676,899 (collectively "The Jacob & Co. Trademarks).

14. The Jacob & Co. Trademarks have come to identify, in the United States and throughout the world, high quality watches designed and manufactured by J & Co. The Five Time Zone Watch, inspired by the jet-set lifestyle of many of J & Co.'s clients, is a unique diamond timepiece featuring four chronographs offering the time in New York, Los Angeles, Tokyo and Paris, while the main hands are set to the location of the wearer. The Five Time Zone

Watch is produced in a variety of metals from stainless steel to platinum, with an interchangeable diamond or flat bezel.  Plaintiff has been granted a copyright registration for the unique and colorful design of the Five Time Zone Watch by the Copyright Office, Reg. No. VA 1-130-830. A copy of Plaintiff's copyright registration is annexed hereto as *Exhibit* B.

15.  J & Co. has duly complied in all respects with the provisions of Title 17 of the United States Code, and has secured the rights and privileges accorded to the works protected by the copyright laws.

16.  Additionally, J & Co. has obtained a design patent for the Five Time Zone, Multi-Face Watch from the U.S. Patent and Trademark Office; Patent No. D465,739.  Annexed hereto and identified as *Exhibit C* is a copy of Plaintiff's U.S. design patent.

### COUNT I - TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

17.   This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. 1051, et al, particularly under 15 U.S.C. 1114(1) and alleges the infringement of trademarks registered under the laws of the United States.

18.  Defendants, with full knowledge of the fame and reputation of the Jacob & Co. Trademarks, have intentionally, knowingly and willfully infringed upon the Jacob & Co. Trademarks by purchasing genuine JACOB & CO.-branded watches and altering them by either: (i) adding, *inter alia*, generic bezels bearing diamonds and other stones to the watches; and/or (2) adding stones to the cases of the watches and passing the watches off as genuine J & CO. watches, without the consent or permission of Plaintiff J & Co., in order to deceive purchasers as to the origin

and source of the products.

19. The non-authorized altering of Plaintiff J & Co.'s watches has and is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored or approved by Plaintiff J & Co. when, in fact they are not.

20. By reason of Defendants' use of the Jacob & Co. Trademarks in connection with Defendants' altered watches without obtaining the authorization of Plaintiff J & Co., Defendants have infringed upon Plaintiff J & Co.'s rights in the Jacob & Co. Trademarks. See, *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704 (9th Cir. 1999) and *Rolex Watch, U.S.A., Inc. v. Meece*, 158 F.3d 816 (5th Cir 1998).

21. The goodwill and favorable reputation residing in the Jacob & Co. Trademarks is a valuable asset belonging to Plaintiff J & Co., and whose value does not lend itself to exact quantification but is clearly in excess of Fifty Million Dollars ($50,000,000). There can be no doubt that the acts complained of herein have the potential for inflicting substantial injury to J & Co.'s trademark and goodwill.

22. Defendants' altered products, which bear the JACOB & CO. Mark, were and are possibly manufactured by inferior processes that have resulted and can result in inferior quality products. By marketing, advertising, and selling Defendants' inferiorly altered watches bearing the JACOB & CO. Mark, Defendants has damaged Plaintiff J & Co.'s goodwill and reputation for the sale of high quality products and will continue to damage Plaintiff's reputation unless enjoined.

23. The activities of Defendants complained of herein constitute willful and intentional infringement of the Jacob & Co. Trademarks are in total disregard of Plaintiff's rights and

were commenced and have continued in spite of Defendants' knowledge that such use of the Jacob & Co. Trademarks, was and is in direct contravention of Plaintiff J & Co.'s rights.

24. Plaintiff J & Co. has no remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars ($300,000).

### COUNT II - FEDERAL UNFAIR COMPETITION

25. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 23 as though fully set forth herein.

26. This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. 1051, et seq., particularly under 15 U.S.C. 1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

27. By reason of the marketing, celebrity status and press coverage generated for J & Co.'s watches at the trade and consumer levels, and the unique quality of the products, these watches are recognized by the trade and consumers as being products designed by Plaintiff J & Co.

28. J & Co.'s watches have become widely known among purchasers as watches that are designed and manufactured by Plaintiff. These watches are known to be high quality items with unique designs.

29. The goodwill of the Plaintiff J & Co. and the favorable reputation residing in Jacob & Co.'s watches is a valuable asset belonging to Plaintiff.

30. Defendants, with knowledge of the widespread recognition of J & Co.'s watches among the relevant segment of the market and with the specific intent to exploit that recognition, have undertaken to make and sell watches substantially identical to J & Co.'S WATCH. It is Defendants' intention to have their ultimate purchasers believe that Defendants' watches are

made by Plaintiff J & Co. and that persons who see Defendants' products being worn by Defendants' ultimate purchasers believe that the copies emanate from Plaintiff J & Co.

31. By reason of Defendants' sale of altered J & Co. watches, the public has been and is being mislead as to the nature and quality of goods being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

32. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiff J & Co. or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiff J & Co.

33. Plaintiff J & Co. has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars ($300,000).

## COUNT III - DILUTION

34. As a complete and third ground for relief, Plaintiff hereby charges Defendants with dilution and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 18 through 23 and 27 through 30 and 32 hereof as though fully set forth herein.

35. Defendants' advertising, promotion, offering for sale and sale of altered

watches bearing the Jacob & Co. Trademarks is likely to dilute the distinctive quality of Plaintiff's name and injure Plaintiff's business reputation in violation of the federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c).  Defendants' infringing activities have been and are being committed willfully.

### COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

36.     As a complete and fourth ground for relief, Plaintiff hereby charges Defendants with common law unfair competition under the laws of the State of New York, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 18 through 23 and 27 through 30, 32 & 34 hereof as though fully set forth herein.

37.     Defendants' use of the Jacob & Co. Trademarks in connection with the sale of their altered watches is likely to cause confusion in the marketplace between Plaintiff J & Co.'s genuine goods and those of Defendants, thus constituting an infringement of Plaintiff J & Co.'s valuable common law rights.

38.     Upon information and belief, Defendants are "palming off" its infringing products as the high quality merchandise of Plaintiff J & Co., and are knowingly enabling others to do the same and is thus deliberately and knowingly misappropriating and diverting Plaintiff's valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Plaintiff.

39.     Upon information and belief, Defendants' unfair competition has caused and, if allowed to continue, will continue to cause sales of Plaintiff J & Co.'s products to be lost and/or diverted to Defendants.  Further, Defendants' unfair competition has caused substantial and

irreparable damage and injury to Plaintiff Jacob & Co. and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff Jacob & Co.

40. Plaintiff Jacob & Co. has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars ($300,000).

### COUNT V – WILLFUL INFRINGEMENT

41. As a complete and fifth ground for relief, Plaintiff hereby charges Defendants with the willful and intentional infringement use and sale of Plaintiff's J & Co. trademarked watches under 15 U.S.C. §1117 (b). Defendants sold the infringing goods with intent and knowledge of their infringing actions after a verbal warning of such actions was issued months before this suit was filed by Plaintiff's counsel. Plaintiff hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 16, 18 through 23 and 27 through 30, 32 & 34, and 35 through 39 hereof as though fully set forth herein.

42. Plaintiff J & Co. has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' willful acts as aforesaid and requests the court award the maximum statutory damages and attorneys fees for such willful and intentional infringement under 15 U.S.C. §1117 (b).

**WHEREFORE, Plaintiffs demand:**

A. that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from using the Jacob & Co. Trademarks in any manner and from using any

mark confusingly similar thereto; and from manufacturing, altering, promoting, advertising and selling any products bearing the Jacob & Co. Trademarks and any mark confusingly similar thereto; and from impliedly or expressly representing that the altered watches sold by Defendants are genuine J & Co. products unless such is the case;

B.  that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from competing unfairly with Plaintiff, from falsely representing and falsely designating the origin of Defendants' goods, from diluting the distinctive quality of Plaintiff's trademark and from engaging in false advertising;

C.  that Defendants be required to pay to Plaintiff J & Co. damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants by the sale or advertisement of any products bearing the Jacob & Co. Trademarks or any mark confusingly similar thereto; represented or advertised by Defendants to be a genuine J & Co. product or its equivalent;

D.  that Plaintiff be awarded statutory damages by reason of the willful infringement of Plaintiff's registered Jacob & Co. Trademarks;

E.  that Plaintiff be awarded treble damages, punitive damages, reasonable attorneys fees and the costs and disbursements of this action;

     F. that all of Defendants' customers for Defendants' altered watches bearing the Jacob & Co. Trademarks be notified that such watches are not genuine J & Co. watches and at each customer's option, such watches be returned to Defendants for the full amount paid and that such watches be surrendered to Plaintiff J & Co. and thereafter destroyed;

     G. that Plaintiff be granted an award of punitive damages in view of the willful and malicious nature of Defendants' tortious acts; and,

     H. that Plaintiff have such other and further relief as the Court deems just and equitable.

Dated: New York, New York
    May 5, 2005

                     Respectfully submitted,

                     TUCKER & LATIFI, LLP
                     *Attorneys for Plaintiff*
                     160 East 84th Street
                     New York, NY 10028
                     (212) 472-6262

                     _____
                     Cory M. Baker (CB 5025)